THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHN MURPHY-CORDERO,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 19-1372 (ADC)<br>[Related to Crim. No. 11-362-3] |

**OPINION AND ORDER**

Presently before the Court is Petitioner John Murphy-Cordero's ("Petitioner") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF Nos. 1 and 2.** For the ensuing reasons, the Court **DENIES** Petitioner's motion.

I. **Procedural Background**

On September 21, 2011, a grand jury charged Petitioner in Counts 1 through 6 of a multi-defendant indictment. **Crim. No. 11-362, ECF No. 3**. On December 14, 2011, Petitioner pled guilty to Count 1 and had the remaining charges dismissed. **Crim. No. 11-362, ECF Nos. 381, 382**. Count 1 charged him with conspiracy to possess with intent to distribute 280 grams of cocaine base (crack), 1 kilogram of heroin, 5 kilograms of cocaine, 100 kilograms of marijuana, and detectable amounts of Oxycodone and Alprazolam, all within 1,000 feet of public housing, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. **Crim. No. 11-362, ECF Nos. 3, 382**. On March 14, 2012, former U.S. District Judge José A. Fusté sentenced him to 210 months' imprisonment with a supervised release term of 10 years. **Crim. No. 11-362, ECF Nos. 793, 794.**

Subsequently, Petitioner appealed his sentence. **Crim. No. 11-362, ECF No. 858**. On May 24, 2013, the First Circuit affirmed rejecting Petitioner's challenges as to the 2-point firearm enhancement and the sufficiency of the considered 18 U.S.C. § 3553(a) sentencing factors. **Crim. No. 11-362, ECF No. 1207**. The Supreme Court denied his writ of certiorari on November 4, 2013.

On November 24, 2014, Petitioner filed a motion to reduce sentence pursuant to Amendment 782 of the United States Sentencing Commission. **Crim. No. 11-362, ECF No. 1341**. The motion was referred to former U.S. Magistrate Judge Justo Arenas for an eligibility determination, who recommended that the motion for reduction of sentence be considered by the Court. **Crim. No. 11-362, ECF Nos. 1342, 1349**.

Afterwards, the Government and Petitioner's court-appointed attorney each submitted their evaluation. **Crim. No. 11-362, ECF Nos. 1373, 1378.** The Government argued that sentence reduction was not appropriate because of Petitioner's admissions that he was a drug point owner, runner, seller, drug processor, and facilitator for the drug trafficking organization as well as his criminal history. **Crim. No. 11-362, ECF No. 1373.** Furthermore, it contended that Petitioner had already benefitted from a reduced quantity of drugs as stipulated in the Plea Agreement, thereby avoiding enhanced guideline calculations. *Id.*

On the other hand, Petitioner posited that he should be granted a sentence reduction because of Amendment 782's policy considerations, the Government's insufficient showing as to Petitioner's dangerousness to the public, the modest extent of the requested reduction, and the practical benefits of avoiding the significant use of resources that an appeal would generate.

**Crim. No. 11-362, ECF No. 1378.** As such, Petitioner contended that his 210-month imprisonment term should be reduced to 168 months. *Id.*

Next, the U.S. Probation Office submitted its position as to whether Petitioner's sentence should be reduced. **Crim. No. 11-362, ECF No. 1397**. After examining Petitioner's eligibility, his general compliance with Bureau of Prisons regulations, the nature and circumstances of the convicted offense (including his role in the offense), and his lack of actual possession of weapons and involvement in violent overt acts, the U.S. Probation Office recommended a reduction in the base offense level as per Amendment 782 and that an amended judgment be entered reducing his imprisonment term to 168 months. *Id.* Notwithstanding the U.S. Probation Office's recommendation, on March 16, 2015, then-presiding Judge Fusté denied Petitioner's motion for sentence reduction. **Crim. No. 11-362, ECF No. 1430**. The case was then transferred to the undersigned on May 23, 2016. **Crim. No. 11-362, ECF No. 1630**.

On March 20, 2017, Petitioner sought reconsideration of the order denying his motion for sentence reduction pursuant to Amendment 782. **Crim. No. 11-362, ECF Nos. 1690**. The Court denied the motion for reconsideration on April 14, 2017. **Crim. No. 11-362, ECF No. 1700**. On May 11, 2017, Petitioner appealed the order denying the reconsideration of his motion for sentence reduction. **Crim. No. 11-362, ECF No. 1716**. The First Circuit transmitted the notice of appeal to the undersigned on June 8, 2017, for a ruling as to whether the Court will enlarge the time for filing an appeal upon a showing of excusable neglect or good cause for an untimely appeal. **Crim. No. 11-362, ECF No. 1728**. That same day, the Court denied Petitioner's extension

of time to file his notice of appeal because neither the record in general nor his notice of appeal provided support for a finding of excusable neglect or good cause. **Crim. No. 11-362, ECF No. 1729**. Petitioner did not seek review of the order and the First Circuit dismissed his appeal as untimely. **Crim. No. 11-362, ECF No. 1770**.[1]

Undeterred, Petitioner submitted a second motion for sentence reduction pursuant to Amendment 782 on September 1, 2017. **Crim. No. 11-362, ECF No. 1761**. The Court denied the motion because the requested relief had already been considered and denied as well as its reconsideration. **Crim. No. 11-362, ECF No. 1766**. Then, on September 4, 2017, Petitioner submitted a third motion for sentence reduction pursuant to Amendment 782. **Crim. No. 11-362, ECF No. 1870**. The Court denied the motion for the same reason as the second motion for sentence reduction. **Crim. No. 11-362, ECF No. 1921**.

On April 17, 2019, Petitioner filed *pro se* the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. **ECF No. 1**. He supplemented this motion on November 12, 2019. **ECF No. 2**.

**II.   Discussion**

28 U.S.C. § 2255(f) establishes a one-year limitations period for habeas petitions filed by prisoners in federal custody. In general, this period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1).

---

[1] The First Circuit entered this judgment on September 19, 2017, and the mandate was entered on November 27, 2017. **Crim. No. 11-362, ECF Nos. 1770, 1779.**

In this case, Petitioner's conviction became final on November 4, 2013, when the Supreme Court denied his writ of certiorari. *See Torres-Santiago v. United States*, 865 F. Supp. 2d 168, 175 (D.P.R. 2012). Consequently, the one-year limitations period for filing a § 2255 motion expired one year later, on November 4, 2014. Petitioner filed his § 2255 motion on April 17, 2019. He did not advance any arguments requesting equitable tolling of the limitations period. As such, Petitioner's § 2255 motion is untimely. Even if the Court started the clock from November 27, 2017, when the First Circuit issued its mandate as to his second appeal, Petitioner's § 2255 motion would still be untimely.

### III.   Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's motion. **ECF Nos. 1** and **2.** The Court declines to issue a certificate of appealability. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of May, 2022.

                                        **S/AIDA M. DELGADO-COLÓN**
                                        **United States District Judge**